UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD H. ALSENZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-2695 |
| | § | |
| AURORA BANK, FSB, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is plaintiff Richard H. Alsenz's ("Alsenz") objection to removal and motion to remand. Dkt. 12. After considering the motion, defendants' response, and the applicable law, the court is of the opinion that the motion should be **GRANTED** and the case should be **REMANDED** to the 268th District Court of Fort Bend County, Texas.

**I. BACKGROUND**

Plaintiff Richard H. Alsenz ("Alsenz") originally filed this action on August 6, 2012. Dkt. 1, Ex. 1 (original petition). Alsenz, a Texas citizen, asserted state-law tort claims related to a dispute with the defendants over a pending foreclosure sale of his home in Missouri City, Texas. *Id.* The factual allegations and claims for relief are similar to those raised in an earlier suit filed in December 2011 by Alsenz, which Judge David Hittner of the Southern District of Texas dismissed in May 2012. *See Alsenz v. Aurora Bank, FSB*, No. 4:12-cv-186, Dkt. 12 (S.D. Tex. May 29, 2012) (the "first suit").[1]  But in this case, Alsenz added a new defendant, Nationstar Mortgage, LLC ("Nationstar"), which the defendants allege is a non-diverse Texas citizen. Dkt. 1 at 3. Defendants

---

[1] The first suit is currently on appeal to the U.S. Court of Appeals for the Fifth Circuit. Dkt. 1 at 4.

claim that removal jurisdiction is still present, however, alleging that Nationstar was joined improperly to defeat federal diversity jurisdiction.  *Id.*  Defendants contend that Alsenz's claims against Nationstar are based solely on Nationstar's status as a successor servicer of Alsenz's mortgage and are substantively identical to the claims asserted in the first suit.  *Id.* at 4.  According to the defendants, "[p]laintiff cannot simply re-file a previously dismissed suit adding each subsequent servicer or litigation would never end."  *Id.*  Based on these allegations, defendants argue that Nationstar was improperly joined and the parties are diverse for purposes of 28 U.S.C. § 1332(a)(2).  *Id.*

On October 16, 2012, Alsenz moved to remand the case to state court, contending that Alsenz and Nationstar are not diverse and the amount-in-controversy requirement cannot be met.  Dkt. 12 at 2.  Defendants filed a response on November 6, 2012. The motion is ripe for decision.

## II. ANALYSIS

To establish subject matter jurisdiction predicated on diversity, there must be complete diversity of citizenship among the parties, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332(a)(1).  However, a case may be removed despite a non-diverse defendant, if that defendant was improperly joined, i.e. was named for the purpose of destroying diversity. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).  The burden to demonstrate that federal jurisdiction is proper, and that the party was improperly joined, lies with the party seeking removal.  *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The Fifth Circuit has "recognized two ways to establish improper joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the

2

non-diverse party in state court.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)).

Here, when the defendant does not allege actual fraud in the pleading, the court focuses on the second prong. To make the determination of whether joinder is improper, the court must decide, based on the facts and the law, whether a state court could reasonably impose liability against the non-diverse party. *B, Inc.*, 663 F.2d at 550. If the court answers that question in the negative, then ordinarily the in-state defendant has been improperly joined, and removal jurisdiction is present to defeat a motion to remand. *Smallwood*, 385 F.3d at 573. However, when the asserted grounds for finding that there is no reasonable basis for recovery against the non-diverse defendant would equally dispose of all claims against the diverse defendants, the entire case should be remanded because the removing defendants have asserted a common defense that goes "to the entire case" rather than the appropriateness of joinder. *Id.* at 574.

The defendants argue that Alsenz improperly joined Nationstar because "there is no reasonable basis for predicting that plaintiff would produce sufficient evidence to sustain a finding necessary to recover against Nationstar." Dkt. 1 at 4. Specifically, defendants contend that the claims against Nationstar are nearly identical to the claims asserted against Aurora Bank FSB in the first suit and cannot be reasserted in this case. *Id.* In turn, the defendants move to dismiss the original petition, arguing that Alsenz's claims against *all* defendants are barred by the doctrine of claim preclusion. *See* Dkts. 8–9. This is a classic common defense, and defendants' attacks on plaintiff's case, while styled under the improper joinder rubric, are in reality an attack on the underlying merits of the case as a whole. Accordingly, under *Smallwood*, Nationstar was not improperly joined, and because Nationstar is not diverse from Alsenz, the court lacks subject-matter

3

jurisdiction over the case and will remand the matter to Fort Bend County for adjudication and resolution.

### III. Conclusion

Under the circumstances presented to the court, the joinder of Nationstar was not improper and the court declines to dismiss Nationstar.[2]  As complete diversity is lacking, the court lacks jurisdiction to proceed and consider the merits of this case.  Alsenz's motion to remand (Dkt. 12) is **GRANTED**, and this action is **REMANDED** to the 268th District Court of Fort Bend County, Texas.  Defendants' pending motions to dismiss (Dkts. 8–9) are **DENIED AS MOOT**.

It is so **ORDERED**.

Signed at Houston, Texas on November 26, 2012.

_____
Gray H. Miller
United States District Judge

---

[2] The court expresses no opinion on the merits of either Alsenz's claims or defendants' defenses.  These issues are appropriately left to the state court for consideration on remand.